CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 0 3 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM PAUL RAMEY, JR., # 307502, Petitioner, | ) ) ) Civil Action No.7:05cv00134 |
| v. | ) ) **MEMORANDUM OPINION** ) |
| GENE JOHNSON, et al., Respondent. | ) By: Jackson L. Kiser ) Senior U.S. District Judge |

Petitioner William Paul Ramey, Jr. # 307502, a Virginia inmate, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ramey is challenging his December 27, 2001 sentence, entered pursuant to a guilty plea in the Russell County Circuit Court, for two counts of malicious wounding and the revocation of his probation for one count of failure to appear and one count of altering a prescription by fraud. Because it is clear from the petition that this action is barred by the relevant statute of limitations, I shall dismiss this petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which allows a district court to dismiss a petition for writ of habeas corpus without requiring a response from the respondent if it is clear from the face of the petition and its attachments that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following: (1) the date on which the judgment of conviction becomes final, (2) the removal of some governmental impediment to filing the petition, (3) the date on which the legal predicate for the petition was initially recognized by the Supreme Court of the United States or (4) the date on which the factual predicate for the petition could have been discovered through the exercise of due diligence. Section 2244 also provides for tolling of the

statute of limitations during the pendency of a properly filed application for post-conviction relief in state court.

According to the petition, Ramey was sentenced on December 27, 2001. By order of this court entered on March 15, 2005, petitioner was directed to provide information to demonstrate the timeliness of his petition, including the date whether he has presented his current claims to the Russell County Circuit Court in habeas proceedings and if so, the date on which he filed such a petition, whether he has presented his current claims to the Supreme Court of Virginia in an appeal from a circuit court decision denying his habeas petition and the date upon which the Supreme Court of Virginia denied his appeal, and the date upon which he presented his current claims in any habeas petition filed directly in the Supreme Court of Virginia and the date on which such petition was denied. Petitioner responded to the court's order and stated that he filed his petition for habeas corpus in the Russell County Circuit Court on May 6, 2004. Ramey subsequently filed an appeal to the Supreme Court of Virginia on September 22, 2004; it was denied on November 9, 2004.

Because Ramey failed to file an a direct appeal of his conviction, his conviction became final on January 27, 2002. See Va. R. S. Ct. Rule 5A:6(a). Ramey admits that he filed his first state habeas petition on May 6, 2004. Accordingly, that petition did not toll the one year statutory period. Thus, petitioner had until January 27, 2003, in which to file a timely habeas petition pursuant to 28 U.S.C. § 2254. As Ramey did not file the instant petition until March 3, 2005, it is clearly untimely.

Ramey argues that the court should construe his two motions for Reconsideration or Reduction of Sentence as altering the date on which judgment became final as to his criminal

2

convictions. Even if the court assumes Ramey's argument is correct and judgment became final on May 17, 2002, the date Ramey's second petition was denied, his habeas petition would still be untimely. Assuming Ramey's argument is correct, Ramey would have had until May 17, 2003 in which to file his federal habeas petition. As Ramey's state petition did not toll or affect the time within which Ramey was required to file his petition for federal habeas relief and as he did not file the instant petition until March 3, 2005, his petition would still be untimely.

Additionally, to the extent that Ramey argues that the statute of limitations should be equitably tolled due to his attorney's failure to file a habeas petition, it must fail. The Fourth Circuit has held that the §2244(d) filing period may be equitably tolled because it is a statute of limitations and not a jurisdictional bar. See Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." Fisher v. Johnson, 174 f.3d 710, 713 (5th Cir. 1999). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent." Harris, 209 F.3d at 330. Accordingly, a district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Id. The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control . . . prevented him from complying with the statutory time limit," id., despite his exercise of "reasonable diligence in investigating and bringing [the] claims," Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998). Simple negligence in calculating the statutory period or failure to discover the existence of a time limit, whether caused by an

3

attorney's mistake or by a pro se litigant's unfamiliarity with the legal process, lack of legal representation or lack of access to legal materials giving notice of the time limit, is insufficient basis upon which to invoke equitable tolling. Harris, 209 F.3d at 330-331 (citing other cases). Ramey alleges only that his trial counsel advised him to delay filing any "post trial remedies." Therefore to the extent such a claim makes an argument of lack of legal representation or lack of good advice as to filing any habeas petitions, it is insufficient to justify equitable tolling.

Ramey has not otherwise made any showing that the statute of limitations has been triggered anew by any event contemplated in § 2244(d). Inasmuch as he did not file the instant petition until March 3, 2005, it is clearly outside the statute of limitations imposed by § 2244(d) and I shall deny relief on that basis.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion

4

Case 7:05-cv-00134-JLK-mfu    Document 4    Filed 05/03/05    Page 4 of 5    Pageid#: 29

and accompanying Order to petitioner.

ENTER: This 3rd day of May, 2005.

/s/ Jackson L. Kiser
Senior U.S. District Judge